UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-01522-SPG-E | Date | September 6, 2024 |
|---|---|---|---|
| Title | BRUCE RIGGS v. TRISTAR INSURANCE GROUP, INC. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL [ECF NO. 23]**

## ORDER

Before the Court is Plaintiff Bruce Riggs's ("Plaintiff") Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel. (ECF No. 23-1 ("Motion")). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered Plaintiff's submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.     Background

On February 23, 2024, Plaintiff initiated this putative class action in federal court, seeking relief based on an alleged November 4, 2022, breach of Defendant TRISTAR Insurance Group's ("Defendant") email system. (ECF No. 1 ¶¶ 4–5). Plaintiff asserts claims for negligence, breach of implied contract, unjust enrichment, breach of confidence, and injunctive and/or declaratory relief on behalf of a putative nationwide class and a putative Oklahoma subclass and asserts an Oklahoma Consumer Protection Act claim on behalf of the putative Oklahoma subclass. (*Id.* ¶¶ 143, 153–221).

Subsequently, on April 10, 2024, Brett Garrote filed a separate putative class action against Defendant seeking relief based on the same alleged November 4, 2022, breach of Defendant's email system. Complaint, *Brett Garrote v. Tristar Insurance Group, Inc.*, No. 2:24-cv-02927-SPG-E (C.D. Cal.) (the "*Garrote* Action"), ECF No. 1.

Plaintiff now seeks to consolidate this lawsuit and the *Garrote* Action. (Mot.). Defendant does not oppose, and Mr. Garrote has not filed any opposition or otherwise indicated that consolidation would prejudice his case. Plaintiff also requests the Court appoint as interim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01522-SPG-E | Date | September 6, 2024 |
| Title | BRUCE RIGGS v. TRISTAR INSURANCE GROUP, INC. | | |

co-lead counsel Kazerouni Law Group, APC[1] and Migliaccio & Rathod, LLP. (*Id.* at 12–18).

## II.    Legal Standard

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions involving a common question of law or fact if doing so serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court "weighs the interest of judicial convenience against the potential for delay, confusion[,] and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Additionally, in class action litigation, Federal Rule of Civil Procedure 23 permits courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts typically appoint interim class counsel where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006).

## III.    Discussion

### A.    Plaintiff's Request to Consolidate

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and consolidation would therefore avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a). This lawsuit and the *Garrote* Action allege similar factual and legal grounds to support allegations of substantially identical legal theories.

Specifically, each action concerns the alleged November 2022 data breach and asserts various tort, contract, and consumer protection claims arising from the same. Additionally, both actions are at the beginning stages of litigation, making concerns about timeline inefficiencies inapplicable. *Cf. Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2016 WL 3519181, at *3 (N.D. Cal. June 28, 2016) ("A court may deny consolidation where two cases are at different stages of preparedness for trial."). Finally, neither Defendant nor the *Garrote* Action plaintiff have opposed the Motion or otherwise argued that consolidation would lead to

---

[1] Kazerouni Law Group, APC represents Mr. Garrote in the *Garrote* Action. *See* Complaint, *Garrote* Action, ECF No. 1 at 1.

**Page 2 of 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:24-cv-01522-SPG-E | | Date | September 6, 2024 |
| Title | BRUCE RIGGS v. TRISTAR INSURANCE GROUP, INC. | | | |

prejudice or delay.

For these reasons, the Court GRANTS Plaintiff's request to consolidate this case and the *Garrote* Action.

### B.    Plaintiff's Request for Appointment of Interim Co-Lead Counsel

In evaluating motions for appointment of interim counsel, courts consider the four factors set forth in Rule 23(g)(1), which governs appointment of counsel at the class certification stage. *See, e.g.*, *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014), *as amended* (May 1, 2014), *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016); *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) ("*In re Oreck Litig.*"). Rule 23(g)(1) provides that courts "must" consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Rule 23(g)(1) further permits courts to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, the Court is satisfied as to each of the factors identified under Rule 23(g)(1)(A). Migliaccio & Rathod, LLP and Kazerouni Law Group, APC respectively "researched, prepared, and filed" this lawsuit and the *Garrote* Action. *In re Oreck Litig.*, 282 F.R.D. at 492. Additionally, each firm has provided the Court with declarations and resumés demonstrating their experience with and knowledge of consumer class action law, including in the data breach and privacy contexts. (ECF Nos. 23-2, 23-3). In light of this experience and the resources each firm has already committed to the respective actions, the Court has no reason to believe that there is any defect with the resources the firms will continue dedicating to class representation.

Finally, the Court in its discretion under Rule 23(g)(1)(B) notes that proposed interim co-lead counsel have demonstrated an "ability to work cooperatively with others" in coordinating the consolidation of this matter and the *Garrote* Action and proposing the appointment of co-lead counsel rather than filing competing motions. *In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015). In sum, Migliaccio & Rathod, LLP and Kazerouni Law Group, APC are qualified to serve as interim co-lead counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:24-cv-01522-SPG-E | | Date | September 6, 2024 |
| Title | BRUCE RIGGS v. TRISTAR INSURANCE GROUP, INC. | | | |

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion, consolidates *Bruce Riggs v. Tristar Insurance Group, Inc.*, No. 2:24-cv-01522-SPG-E (C.D. Cal.), and *Brett Garrote v. Tristar Insurance Group, Inc.*, No. 2:24-cv-02927-SPG-E (C.D. Cal.), and appoints Migliaccio & Rathod, LLP and Kazerouni Law Group, APC as interim co-lead counsel. The Court ORDERS the parties to file all further papers under 2:24-cv-01522-SPG-E, using that case number. Finally, the Court TERMINATES (JS-6) the matter *Brett Garrote v. Tristar Insurance Group, Inc.*, No. 2:24-cv-02927-SPG-E (C.D. Cal.).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg    _____